IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVANS & GREEN, LLP, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 11-3380-CV-S-ODS |
| MEADOWORKS, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

### ORDER AND OPINION DENYING MOTION TO REMAND (DOC. 11)

Pending is Plaintiffs' motion to remand. The motion is denied.

### I. BACKGROUND

Plaintiff Evans & Green, LLP, on behalf of itself and a purported class of similarly situated individuals, allege Defendants violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by sending unsolicited advertisements by fax to Plaintiff and numerous others. Plaintiff alleges in its state court petition that "members of the class number in the hundreds or thousands." Plaintiff also asserts claims for conversion, violation of the Missouri Computer Tampering Act, invasion of privacy, and negligence.

Defendants removed Plaintiff's action to this Court. Plaintiff moves to remand, arguing this Court lacks jurisdiction over its claims.

### II. DISCUSSION

A cause of action created by federal law arises under federal law. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) ("'A suit arises under the law that creates the cause of action'" (citation omitted)).

Federal courts have original jurisdiction over all civil actions that arise under federal law. 28 U.S.C. § 1331. Generally, civil actions that arise under federal law can be removed to federal court. See § 1441(a)-(b).[1]

Although the private right of action for a TCPA violation arises under federal law (because federal law created it), the majority of circuits hold federal question jurisdiction does not exist over the action. See *Charvat v. NMP, LLC*, 656 F.3d 440, 445 (6th Cir. 2011) (citing cases).[2] This issue is currently pending before the Supreme Court. See *Mims v. Arrow Financial Services, LLC*, 131 S. Ct. 3063 (2011).

The dispute centers on the text creating the private right of action, which declares that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State." 47 U.S.C. § 227(b)(3).[3] Since this language only mentions state courts and not federal courts, the majority of circuits hold it divests federal courts of the jurisdiction they would otherwise have under 28 U.S.C. § 1331. See, e.g., *International Science & Technology Institute, Inc. v. Inacom*, 106 F.3d 1146, 1154-55 (4th Cir. 1997).

The Court concludes the minority position is correct. The Court begins by observing that § 1331 is general grant of authority that clearly defines federal courts' jurisdiction over claims arising under federal law. As such, the following principles apply:

---

[1] Section 1441 recently was amended. See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, § 103 (2011). But the amendments do not apply to this case because it was commenced before their effective date. See Pub.L. No. 112–63, § 105.

[2] The Eighth Circuit has not decided the issue.

[3] During oral argument in *Mims*, Chief Justice Roberts commented, "This is the strangest statute I have ever seen." *Mims v. Arrow Financial Services, LLC*, The Oyez Project at IIT Chicago-Kent College of Law, http://www.oyez.org/cases/2010-2019/2011/2011_10_1195 (last visited January 17, 2012).

> "When there are statutes clearly defining the jurisdiction of the courts the force and effect of such provisions should not be disturbed by a mere implication flowing from subsequent legislation." "In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable."

*Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 808 (1976) (citations omitted).

"There is no irreconcilability in the existence of concurrent state and federal jurisdiction." *Colorado River*, 424 U.S. at 809. Thus, authorizing a federal cause of action to be brought in state court, as 47 U.S.C. § 227(b)(3) does here, is not irreconcilable with federal courts' otherwise-existing jurisdiction under § 1331. *Cf. Tafflin v. Levitt*, 493 U.S. 455, 460 (1990) (holding federal statute creating right to sue "'in any appropriate United States district court'" did not divest state courts of presumptive concurrent jurisdiction over such claims).[4]

Plaintiff notes that, in other areas of TCPA, Congress explicitly referred to both state *and* federal courts, implying by its failure to mention federal courts in 42 U.S.C. § 227(b)(3) that federal jurisdiction was deliberately not authorized. *See, e.g.*, 47 U.S.C. § 553(c)(1) ("Any person aggrieved by any violation of subsection (a)(1) of this section [prohibiting unauthorized reception of cable service] may bring a civil action in a United States district court or in any other court of competent jurisdiction.") Plaintiff also highlights the statements of bill sponsor Senator Hollings, who referred to state courts – but not federal courts – in referencing the private right of action in § 227(b)(3). *See International Science & Technology Institute, Inc.*, 106 F.3d at 1152-53 (discussing Senator Hollings' remarks). But mere implication by subsequent legislation is not sufficient to displace federal courts of the jurisdiction they have under § 1331. *See*

---

[4] The Court acknowledges that the inherent authority of state courts to adjudicate claims arising under federal law is distinct from a federal district court's congressionally-dependent authority to adjudicate such claims. But *Tafflin* illustrates that, when a court's jurisdiction over a federal claim would otherwise exist, Congress must do more to divest that court of its jurisdiction than merely permit a claim to be brought in another forum.

3

*Colorado River*, 424 U.S. at 808. For this reason, Plaintiff's arguments are not persuasive.

The Court notes that the specific issue whether a subsequent legislation divested federal courts of their jurisdiction under 28 U.S.C. § 1331 was considered in *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 642 (2002). In *Verizon*, the statutory provision at issue, 47 U.S.C. § 252(e)(6), granted a telecommunication carrier the right to bring an action in federal court challenging a state utility commission's determination "'under this section'" (referring to § 252). *Id.* at 641. In the carrier's suit against the state commission, the Supreme Court held federal jurisdiction existed over the carrier's suit even without § 252(e)(6), reasoning that "even if § 252(e)(6) does not *confer* jurisdiction, it at least does not *divest* the district courts of their authority under 28 U.S.C. § 1331 to review the Commission's order for compliance with federal law." *Id.* at 642. The Supreme Court found no legislative intent to withdraw 28 U.S.C. § 1331 jurisdiction in part because "where otherwise applicable jurisdiction was meant to be excluded [in 42 U.S.C. § 252], it was excluded expressly," referring to a statute divesting state courts of their presumptive concurrent jurisdiction over certain claims. *Id.* Likewise, in this case, where otherwise applicable jurisdiction was meant to be excluded in 47 U.S.C. § 227, Congress did so expressly by granting federal courts "exclusive jurisdiction" over actions brought by states alleging a pattern or practice of violations. 47 U.S.C. § 227(g)(2). As in *Verizon*, the absence of an express exclusion of federal jurisdiction in § 227(b)(3) reinforces the conclusion that Congress did not intend to withdraw 28 U.S.C. § 1331 jurisdiction with that legislation.

III. CONCLUSION

Plaintiff's motion to remand is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 17, 2012        UNITED STATES DISTRICT COURT

4